OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. RICHARDSON

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. RICHARDSON
2023 OK 95
Case Number: SCBD-7278
Decided: 10/02/2023
THE SUPREME COURT OF THE STATE OF OKLAHOMA

Cite as: 2023 OK 95, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 

 

STATE OF OKLAHOMA, ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,
v.
CHADWICK R. RICHARDSON Respondent.

ORDER APPROVING RESIGNATION

¶1 The State of Oklahoma ex rel. Oklahoma Bar Association (Complainant) has presented this Court with an application to approve the resignation of Chadwick R. Richardson (Respondent) from membership in the Oklahoma Bar Association. Respondent wishes to resign pending disciplinary proceedings and investigation into alleged misconduct, as provided in Rule 8.1 of the Rules Governing Disciplinary Proceedings (RGDP), 5 O.S. 2021, ch. 1, app. 1-A. Upon consideration of the Complainant's application and the Respondent's affidavit in support of resignation, we make the following findings:

a. Respondent was admitted to the Oklahoma Bar Association on April 30, 1993, and his bar number is 15589. On August 28, 2023, Respondent offered to resign his membership in the Oklahoma Bar Association and relinquish his right to practice law.

b. Respondent's name and address appears on the official roster maintained by the Oklahoma Bar Association as follows:

Chadwick R. Richardson
7447 S. Lewis Avenue
Tulsa, Oklahoma 74136

c. Respondent tendered his resignation freely and voluntarily, without coercion or duress, and he was fully aware of the consequences of submitting his resignation.

d. Respondent acknowledged that the Complainant's Office of the General Counsel was investigating certain allegations of professional misconduct against him. On May 25, 2022, Complainant instigated disciplinary proceedings against Respondent pursuant to Rule 6, RGDP, case number SCBD 7278. The complaint contained six allegations of misconduct relating to four grievances filed by Respondent's former clients, Respondent's drug use, and Respondent's previous deferred prosecution.

i. Count I: Grievance filed on March 3, 2020. This grievance stemmed from Respondent's representation of the complainant's sister. Respondent was brought in as co-counsel due to Respondent's experience in defending crimes of the kind alleged. The complainant signed a contract with Respondent acting as surety on behalf of her sister, and ultimately, Respondent was paid $34,600.00 for his work on the case. None of the funds were deposited into Respondent's trust account. After attending a day and a half of preliminary hearings in the case, Respondent was not seen by the client or her family again. Other forms of contact eventually ceased as well. In the grievance with the OBA, the complainant alleged that Respondent: neglected and abandoned her sister's case; was practicing law without a license because he had been suspended from the practice of law in May of 2019; and had failed to account for or refund a portion of the unearned flat fees he had been paid.

ii. Count II: Grievance filed March 19, 2020. This grievance stemmed from Respondent's representation of a client with pending criminal felony charges. Respondent was paid $6,500.00 to represent the client. None of the funds were deposited into Respondent's trust account. Respondent attended the preliminary hearing in the case but allowed another attorney to attend other hearings on his behalf without advising the client. After the preliminary hearing, Respondent ceased communication with the client and abandoned the case. In the grievance filed with the OBA, the client alleged that Respondent: neglected and abandoned his case; failed to earn his fee; and failed to return unearned fees. The client later alleged that Respondent had a drug abuse issue, asserting that Respondent would sweat profusely and doze off during meetings; had difficulty remembering details that were discussed repeatedly; and was late for every meeting and court date.

iii. Count III: Grievance filed March 20, 2020. Respondent was hired to represent complainant's wife in a custody and support matter. Respondent was paid a total of $5,000.00. None of the fees were deposited into Respondent's trust account. Respondent never filed any pleadings in the custody case. Instead, Respondent advised that the complainant's wife should establish residency in Oklahoma prior to taking legal action, even though the wife and her children from a previous relationship had lived in Oklahoma for over a year. When complainant would ask about the case, Respondent would state that he was going to file something, yet never did. Later, the complainant hired Respondent to assist in obtaining a marijuana grow license, wiring $3,000.00 to Respondent. These funds were not placed in Respondent's trust account. Respondent never obtained a marijuana grow license of behalf of the complainant. In the grievance filed with the OBA, the complainant alleged that Respondent was neglectful of legal matters and failed to earn the fees Respondent was paid.

iv. Count IV: Grievance filed August 9, 2021. Respondent was hired to represent the complainant's son and obtain continuances of criminal cases that were pending in three counties. The complainant alleged that Respondent was paid $1,200.00 for the case. Respondent did not deposit the fee into his trust account. Initially, Respondent communicated with the complainant, but communication had ceased two weeks into Respondent's representation. Respondent was suspended from the practice of law on May 24, 2021, by Order of the Supreme Court, for failure to pay dues and failure to comply with mandatory continuing legal education requirements. Respondent failed to advise the complainant and his son of this suspension. In the grievance filed with the OBA, the complainant alleged Respondent was neglectful of the case and failed to earn the retainer fee in his son's case.

v. Count V: Respondent's Positive Drug Tests. Respondent participated in a deposition regarding the grievances filed against him on September 23, 2021. Due to Respondent's alleged drug use, he was asked in the deposition if he would be amenable to taking a drug test. He agreed, testifying that he was not using any illegal substances. On September 29, 2021, the OBA received notification that Respondent's urine test was presumptive positive for methamphetamine. The OBA requested a follow up hair follicle test, which was performed on October 14, 2021. Respondent's hair follicle sample was positive for methamphetamine, amphetamine, opiates, morphine, codeine, and heroin.

vi. Count VI: Respondent's Prior Deferred Prosecution. During its investigation into Respondent, the OBA discovered that Respondent was charged on June 22, 2016, in Wagoner County District Court case number CM-2016-496, with Possession of a Controlled Substance, Possession of Paraphernalia, Failure to Pay State Taxes, Failure to Carry Insurance/Security Verification Form, and Transporting a Loaded Firearm in a Motor Vehicle. Respondent was also charged in CM-2016-1038 with a related charge of Violation of a License Restriction. Pursuant to negotiations with the State, Respondent received a deferred prosecution, and the charges were dismissed against him on August 10, 2017.

e. Respondent's affidavit states he is aware that the allegations concerning the conduct specified above, if proven, would constitute violations of Rules 1.3, 1.4, 1.5, 1.15, 1.16(d), 8.1(b), 8.4(a), 8.4(b), and 8.4(d) of the Oklahoma Rules of Professional Conduct, 5 O.S. 2021, ch.1, app. 3-A; Rules 1.3, 5.2, and 9.1 of the Rules Governing Disciplinary Proceedings, 5 O.S. 2021, Ch. 1, App. 1-A; and his oath as an attorney.

f. Respondent acknowledges that he is currently prohibited from practicing law as he was stricken from the roll of attorneys on June 7, 2021, pursuant to SCBD No. 7059, 2022 OK 54, for failure to pay dues as a member of the Oklahoma Bar Association for the year 2021.

g. Respondent further acknowledges that, as a result of his conduct, the Client Security Fund may receive claims from his former client(s). Should the Oklahoma Bar Association approve and pay such Client Security Fund claims, Respondent agrees to reimburse the fund for both the principal amount and the applicable statutory interest before filing any application seeking reinstatement.

h. Respondent recognizes and agrees he may not make application for reinstatement to membership in the Oklahoma Bar Association prior to the expiration of five (5) years from the effective date of this Court's approval of his resignation; he acknowledges he may be reinstated to practice law only upon compliance with the conditions and procedures prescribed by Rule 11, RGDP.

i. Respondent has agreed to comply with Rule 9.1, RGDP within twenty (20) days following the date of this resignation.

j. Respondent's resignation pending disciplinary proceedings complies with Rule 8.1, RGDP.

k. Complainant has made an application asserting that costs in the amount of $1,574.95 were incurred in this matter and that reimbursement is necessary. Respondent acknowledges the OBA has incurred costs in the investigation and prosecution of this matter, and agrees he is responsible for reimbursement of such fees.

l. Respondent's resignation should be approved.

m. In his Affidavit of Resignation Pending Disciplinary Proceedings, Respondent requested that his resignation be retroactively applied to June 7, 2021, the date he was suspended for non-payment of dues in SCBD No. 7059. This Court finds no compelling reason to accept Respondent's request. This Order accepting the Respondent's resignation is to be effective as of October 2, 2023.

¶2 It is therefore ORDERED that Complainant's application is approved and Respondent's resignation during the pendency of disciplinary proceedings is accepted and approved effective October 2, 2023.

¶3 It is further ORDERED that Respondent's name remain stricken from the Roll of Attorneys and that he may make no application for reinstatement to membership in the Oklahoma Bar Association prior to October 2, 2028.

¶4 It is further ORDERED that the Respondent comply with Rule 9.1, RGDP, no later than twenty (20) days from the date of this order.

¶5 It is further ORDERED that Respondent pay costs in the amount of $1,574.95 within thirty days from the date of this Order. Any consideration of any future Rule 11 petitions is conditioned upon such payment.

¶6 DONE BY ORDER OF THE SUPREME COURT THIS 2nd DAY OF OCTOBER, 2023.

/S/CHIEF JUSTICE

ALL JUSTICES CONCUR.

 

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA